## WILLIAM YOUNG v. THE STATE.

Indictment charged that the defendant did falsely assume to be a ministerial officer, to-wit, a minister of the gospel, and did unlawfully take upon himself to solemnize the rights of matrimony between certain designated persons ; but it nowhere alleged that he was not a minister of the gospel, nor that he was not legally authorized to solemnize the rites of matrimony. *Held*, that the indictment is defective in failing to contain one or both of these negative averments.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

The case is sufficiently stated in the opinion of the court.

No brief for the appellant.

*W. Alexander, Attorney General,* for the State.

OGDEN, J.—The verdict and judgment in this case are unsupported by a valid indictment, for which reason the judgment must be reversed.

The indictment charges the defendant with falsely assuming to be a ministerial officer, to-wit, a minister of the gospel, and of unlawfully solemnizing the rights of matrimony ; but it fails to charge directly that the defendant was not a minister of the gospel, nor that he

was not authorized by law to solemnize the rights of matrimony.    Both of these facts must be implied, in order to constitute a charge of any offense against the laws of the State.    One or both of these facts were necessary to be proven, in order to have sustained the charge attempted to be set up against the defendant; and if necessary to be proven, they, or at least one of them, should have been alleged.

The indictment is therefore fatally defective, when tried by Articles 2863, 2864, and 2865, Paschal's Digest, and insufficient to sustain a conviction.    The judgment is reversed, and the case dismissed.

The indictments in the cases No. 500 and No. 521, against the same defendant, are obnoxious to the same exceptions, and for the same reasons the judgments in both cases are reversed, and the cases dismissed.

REVERSED AND DISMISSED.